IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 4:97-323-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Treadway Levon Manning, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's "Writ of Error Coram Nobis." ECF No. 97 (filed Nov. 27, 2012). Defendant contends that changes in the law since his first § 2255 motion make his sentence invalid.

Defendant's motion is, in actuality, a second or successive motion for relief under § 2255, as he challenges his sentence based upon a change in the law subsequent to his conviction and sentencing.[1] Defendant's failure to secure permission to file a second or successive motion in the Fourth Circuit Court of Appeals prior to the filing of the motion in this court is fatal to the outcome of any action on the motion by this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move

---

[1] The writ of coram nobis, an extraordinary remedy, "affords a remedy to attack a conviction when the petitioner *has served his sentence and is no longer in custody*." *Wilson v. Flaherty*, 689 F.3d 332, 339 (4th Cir. 2012) (quoting *Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir.1995)); *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)) ("Coram nobis is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence."). Defendant is currently serving a life sentence at FCI – Allenwood.

1

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                    s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 6, 2012