IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No: 4:97-323-CMC |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Treadway Levon Manning, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant's *pro se* motion for relief under 18 U.S.C. § 3582(c)(2). ECF No. 100. Defendant contends he is entitled to relief under Amendment 599 to the United States Sentencing Guidelines (hereinafter "USSG"). Defendant argues that in finding Defendant to be an Armed Career Criminal, the court applied USSG § 4B1.4(b)(3)(A) to reach a base offense level 34 which (after Amendment 599) resulted in a higher sentence than if the relief available under Amendment 599 applied.

Defendant fails to recognize that even assuming that the court did not apply USSG § 4B1.4(b)(3)(A) to reach a base offense level 34, his base offense level would still have been a 34 based upon the greatest offense level from Chapter 2 and 3 relating to Count 1. *See* Presentence Report at paragraph 44. In other words, even if this court exercised its discretion and applied Amendment 599, it would afford him no relief.

Therefore, to the extent this is a properly filed motion for relief under § 3582(c)(2), it is **denied**.[1]

---

[1] In a previous motion, Defendant sought relief under Amendment 599 by arguing that the court's cross reference from USSG section 2K2.1(c)(1)(A), Felon in Possession of a Firearm (Count One of Petitioner's Indictment), to section 2A2.1, Assault with Intent to Commit Murder (Count Two of Petitioner's Indictment), could not withstand the application of Amendment 599. ECF No. 83. This argument was rejected by Order filed December 5, 2001. ECF No. 85. To the extent this matter could therefore be considered a motion for reconsideration, this court would be without jurisdiction

**IT IS SO ORDERED**.

                                              s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 26, 2013

---

to entertain this motion. *See United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010) (holding that "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . .") Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (4th Cir. 2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011).

2